Thomas SIMMONS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction and Steve Clark, Attorney General, State of Arkansas, Appellee.

No. 86–1177.

United States Court of Appeals, Eighth Circuit.

Submitted June 30, 1988.

Decided Sept. 14, 1988.

Ron Heller, Atty. appointed, Jim M. Birch, Little Rock, Ark., for appellant.

Jack Gillean, Little Rock, Ark., for appellee.

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and MORRIS S. ARNOLD,* District Judge.

RICHARD S. ARNOLD, Circuit Judge.

In *Simmons v. Lockhart,* 814 F.2d 504 (8th Cir.1987), we affirmed the District

---

* The Hon. Morris S. Arnold, United States District Judge for the Western District of Arkansas, sitting by designation.

Court's denial of habeas corpus in this death-penalty case. The Supreme Court denied certiorari. —— U.S. ——, 108 S.Ct. 1489, 99 L.Ed.2d 717 (1988). The State of Arkansas then began the process of setting an execution date. Among other things, it asked the District Court to dissolve the stay of execution that had been in effect during the habeas proceeding. The District Court granted this motion, and Simmons then filed with us a motion to recall the mandate and grant rehearing, asserting grounds for federal constitutional relief that had not previously been before us. He also moved that his execution be stayed during our consideration of his requests for recall of mandate and rehearing. The writer of this opinion, acting as a single Circuit Judge under Fed.R.App.P. 8, stayed the execution to give this panel time to consider Simmons's motion. We now grant the motion, recall our mandate, grant the petition for rehearing, and remand this case to the District Court for further proceedings consistent with this opinion. The District Court will certify back to this panel its findings and conclusions for our consideration. The stay of execution will remain in effect until we finally decide the case.

■ Recall of mandate is an extraordinary remedy. We may grant it "to prevent injustice," 8th Cir.R. 18, but we normally will not do so when some other, less unusual remedy is available. The normal course for a petitioner in Simmons's position would be to file a second habeas petition in the District Court. In that petition, he would assert his new grounds for relief and attempt to overcome the considerable procedural barriers—for example, abuse of the writ—that a successive habeas petition must typically face. Once the District Court had ruled one way or the other, an appeal would lie to us. In the particular circumstances of this case, we think requiring Simmons to follow that course would be a needless procedural complication. When the State moved the District Court to dissolve the stay, Simmons responded, placing before that Court the same pleadings

he has filed here, and arguing that the State's motion should be denied for the reasons given in those pleadings. The District Court rejected Simmons's position in short order, observing that it saw no reason for any further stay. That Court, in other words, has already expressed its own view of Simmons's new grounds. If a second habeas petition were filed, it would almost certainly be summarily dismissed. So in ruling on Simmons's motion for recall of mandate and rehearing, we are, as a practical matter, in the same position we would be in if Simmons were appealing from the dismissal of a second habeas petition.

■ We turn to the new grounds Simmons now asserts. First, Simmons argues that he was convicted under a statutory scheme for murder which is so vague as to violate the Eighth Amendment.[1] He claims the capital murder and first degree murder statutes in Arkansas overlap impermissibly, giving the jury unbridled discretion to select between the two penalties, in violation of Eighth Amendment principles requiring certainty and reliability in death cases. We cannot reach the merits of this argument, however, until a prior procedural problem is resolved. The statutory-overlap issue was presented to the District Court in Simmons's original habeas petition. That Court denied him relief. The issue was not appealed to this Court, however. Thus, we must decide whether Simmons's failure to appeal the question should now be excused for some reason.

Simmons claims the overlap issue was not pursued on appeal because his lawyer was suffering from alcoholism or was otherwise constitutionally ineffective. This is the first question we remand to the District Court. That Court should make findings as to why previous counsel failed to press the statutory-overlap issue on appeal, and decide whether that choice constituted ineffective assistance of counsel. Simmons was prejudiced by his lawyer's failure to

---

1. We recognize, as the State points out, that this issue affects the validity of only three of the four death sentences imposed on Simmons.

appeal the issue; the question is nonfrivolous. The District Court must determine, however, why counsel failed to raise the issue, and whether a reasonably competent lawyer could have made such a decision.

Next Simmons contends he was denied the effective assistance of counsel because his trial attorneys were hampered by a conflict of interest. One of the lawyers who represented Simmons also represented one of the State's key witnesses against Simmons, James Davis, on an unrelated matter. Simmons claims that because the lawyer had earlier represented Davis, the lawyer could not vigorously cross-examine the witness on matters that had come to his attention through the attorney-client relationship. We cannot reach the merits of this claim, either, unless two prior procedural hurdles are cleared.

■ Simmons never raised the issue of ineffective assistance of trial counsel before the state courts. Thus, unless he can demonstrate cause for the procedural default and prejudice from it, no federal court can consider this claim. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[2] We accordingly remand this question to the District Court. That Court should make factual findings as to why this issue was not raised before the Arkansas courts. Next, the Court should determine whether Simmons was prejudiced by this failure.

■ There still remains another procedural hurdle: this issue was not raised in Simmons's habeas petition. Raising it now constitutes an abuse of the writ, see R. 9(b) of the Rules Governing Section 2254 Cases,

unless Simmons can show a good enough reason why this issue was not presented before. See *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). This question, too, must be sent back to the District Court and factual inquiry made into the reasons why the ineffective-assistance claim was not made by Simmons's former habeas lawyer, and the legal impact its omission had.

■ Unlike the statutory-overlap issue, the District Court has not had a chance to resolve the ineffective-assistance question on its merits. Should that Court find that Simmons clears the two procedural hurdles, then it should resolve whether Simmons's lawyer was faced with an actual conflict of interest that prevented him from vigorously cross-examining Davis on his military record, psychiatric problems, and any deals Davis made with the prosecution. See *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). If an actual conflict is found, then Simmons was afforded ineffective assistance of counsel at his trial, and is entitled to habeas relief. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In such a conflict-of-interest situation, prejudice is presumed. *Id.* at 692, 104 S.Ct. at 2067; *Pool v. Armontrout*, 852 F.2d 372 (8th Cir.1988).

The other issues raised by Simmons, the failure of the trial court to give certain jury instructions, his counsel's alleged failure to investigate exculpatory witnesses, and an assortment of trial and sentencing errors, are clearly insubstantial and need not be further explored.[3]

---

2. There is no question that Simmons has exhausted his state remedies. No presently available state procedure exists by which he can claim ineffective assistance of trial counsel.

3. The issues that are thus now finally decided against Simmons are as follows:
   (1) whether he was constitutionally entitled to a jury instruction on lesser included offenses with respect to the murder of Officer Tate;
   (2) whether the death sentence he received for the murder of Officer Tate should be set aside because the jury was improperly influ-

enced after making its other sentencing decisions;
   (3) whether he was denied the effective assistance of counsel due to the failure or inability of his trial counsel to investigate an exculpatory witness;
   (4) whether he was denied the effective assistance of counsel when his trial counsel failed to request a continuance in order to interview the person who discovered the body of Larry Price;
   (5) whether he was denied the effective assistance of counsel when his trial counsel failed to ask for a jury instruction on lesser included

Thus, we grant the motion to recall mandate, and remand to the District Court to hold an evidentiary hearing and to make the factual findings and legal conclusions outlined. The District Court should then certify the case back to us for review. While these proceedings are going on, the stay will remain in effect. We ask the District Court to proceed as quickly as practicable. The remand will be effective immediately upon the filing of this opinion.

It is so ordered.

offenses with respect to the murder of Officer Tate;

(6) whether he was denied the effective assistance of counsel when his trial counsel failed to object or move for a mistrial during the prosecution's closing argument;

(7) whether he was denied the effective assistance of counsel when his trial counsel failed to present evidence of mitigating circumstances during the penalty phase;

(8) whether the cumulative effect of the aforementioned errors at trial and sentencing was to deny him the effective assistance of counsel.