**Martsay BOLDER, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 92–3498.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1992.

Decided Dec. 23, 1992.

Rehearing and Rehearing En Banc Denied; Stay of Execution Denied Jan. 19, 1993.

Mark Thornhill, Kansas City, MO, argued, for appellant.

Stephen David Hawke, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Appellant Martsay Bolder is under a sentence of death for the murder of an inmate at the Missouri State Penitentiary. He appeals the district court's denial of his Fed. R.Civ.P. 60(b)(6) motion. We have treated the Rule 60(b) pleading as the equivalent of a second petition for a writ of habeas corpus. *See Blair v. Armontrout*, 976 F.2d 1130 (8th Cir.1992). We affirm.

The relevant facts and circumstances underlying this matter, as well as its procedural background, are set forth in *Bolder v. Armontrout*, 921 F.2d 1359 (8th Cir.1990), *cert. denied*, — U.S. —, 112 S.Ct. 154, 116 L.Ed.2d 119 (1991) (*Bolder*). Mr. Bolder now contends that ineffective assistance by his Missouri post-conviction counsel is cause to excuse a state procedural bar brought about by deficiencies that occurred in earlier proceedings in the state court. He further contends that inadequate funding of post-conviction counsel's public defender office is also cause to excuse the procedural bar. Finally, Mr. Bolder contends that the funding claim is a new ground for relief not subject to the state procedural bar.

We have carefully examined all of these claims and find them to be without merit. They are barred as successive claims, *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); or abusive claims, *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), or as procedurally defaulted claims precluded by *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Additionally, since *Bolder* was decided prior to *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (wherein the Supreme Court held that a habeas petitioner has no right to a constitutionally effective attorney in state post-conviction proceedings) this court has previously dealt with and rejected Mr. Bolder's ineffective assistance claims.

In this appeal, Mr. Bolder contends that a lack of funds available to his state post-conviction counsel precluded necessary investigative work. Arguably, this investigation should have led to information concerning mitigation of his sentence. We believe our discussion in disposition of the suggestion for rehearing or rehearing en banc filed by Mr. Bolder, *Bolder v. Armontrout*, 928 F.2d 806 (8th Cir.1991), deals with the substance of this claim. We pointed out that Mr. Strauss, the public defender appointed as post-conviction counsel, did investigate all witnesses known to him. We also found that Mr. Strauss was not ineffective counsel, as Mr. Bolder then and now contends, in failing to find other potential witnesses. *Id.* at 809.

Accordingly, the order of the district court is affirmed. We do, however, continue the stay of execution in this matter until

5:00 P.M. January 5, 1993, in order to allow Mr. Bolder to seek review of this ruling and a further stay in the Supreme Court if he wishes to do so.