**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 4/22/96**

| | |
|---|---|
| BENJAMIN BREWER, | |
| Petitioner - Appellant, | No. 96-5100 |
| v. | (N.D. Oklahoma) |
| RON WARD, Warden of the Oklahoma State Penitentiary, | (D.C. No. 92-C-487-BU) |
| Respondent - Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **TACHA**, and **KELLY**, Circuit Judges.

Benjamin Brewer appeals from an order of the district court denying his Motion to Reconsider Judgment Pursuant to Federal Rule of Civil Procedure 60(b), and denying his application for a stay of execution. The district court's order was entered on April 9, 1996. We received Mr. Brewer's notice of appeal, request for a stay, and brief on Friday afternoon, April 19. We ordered the state to file its response brief by noon today,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Monday, April 22.  Mr. Brewer is scheduled to be executed in the early morning hours of Friday, April 26, 1996.[1]

Mr. Brewer raises a single issue in this appeal: whether the district court properly held that the Findings of Fact, Conclusions of Law and Order and Judgment entered by district court Judge Thomas Brett on February 10, 1994, dismissing Mr. Brewer's habeas petition, need not be vacated for violation of 28 U.S.C. § 455(a).  He also seeks a stay of execution and transfer of his case to a different judge for the purpose of instituting new proceedings on the issues raised in his amended habeas corpus petition.

Several courts have determined that a Fed. R. Civ. P. 60(b)(6) motion raising new claims may be treated as the functional equivalent of  a successive habeas petition, implicating abuse of the writ, procedural bar and exhaustion principles.  Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995), cert. denied, 116 S. Ct. 724 (1996); Guinan v. Delo, 5 F.3d 313, 316 (8th Cir. 1993); Clark v. Lewis, 1 F.3d 814, 825 (9th Cir. 1993) (but deciding the Rule 60(b) claim also on the merits in the alternative); Williams v. Whitley, 994 F.2d 226, 230 n.1 (5th Cir.), cert. denied, 114 S. Ct. 608 (1993);  Bolder v.

---

[1]This panel has closely monitored this petition since it was initially filed in the United States District Court, and considerable effort has been expended on the issues raised.  This panel has had the benefit of all the briefs filed with the district court. Accordingly, the panel has determined unanimously that oral argument would not be useful, that no further briefing is necessary in this court, and that further delay in this appeal is not warranted.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Appellant's request for oral argument is therefore denied and the case is ordered submitted without oral argument.

Armentrout, 983 F.2d 98, 99 (8th Cir. 1992), cert. denied, 506 U.S. 1088 (1993); Blair v. Armentrout, 976 F.2d 1130, 1134 (8th Cir. 1992), cert. denied, 508 U.S. 916 (1993); Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir.) (applying exhaustion requirement to Rule 60(b)(6) motion but otherwise not deciding the issue), cert. denied, 498 U.S. 811 (1990); Lindsey v. Thigpen, 875 F.2d 1509, 1511-12 (11th Cir. 1989). Other courts including our own, without addressing the issue, have evaluated the denial of Rule 60(b) relief in the habeas context for an abuse of discretion. See Resnover v. Pearson, 9 F.3d 113, 1993 WL 430159 (7th Cir. 1993) (unpublished order); Robison v. Maynard, 958 F.2d 1013, 1018 (10th Cir.), cert. denied, 503 U.S. 929 (1992); May v. Collins, 961 F.2d 74 (5th Cir.), cert. denied. 504 U.S. 901 (1992). We need not decide the issue because even under the abuse of discretion standard for the denial of Rule 60(b)(6) relief, we conclude that the district court acted well within its discretion.[2]

Mr. Brewer's argument is that the district court misapplied the harmless error standard of Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988), in determining that the February 10 order need not be vacated. In particular, he claims that the court erroneously focused on harm or error in the context of the merits of Mr. Brewer's own case, and he suggests, without citation of supporting authority, that the court should have looked at systemic harm. While we agree that systemic harm is a

_____

[2]Furthermore, the request for relief is clearly untimely under Rule 60(b), coming more than two years after our decision in Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 868 (1988).

consideration, we disagree that it is the only consideration. Any error resulting from the violation of § 455(a) must also be analyzed and determined as it relates to Mr. Brewer and his own case.

Mr. Brewer does *not* argue that he is actually innocent of the crime,[3] nor does he claim any constitutional error occurred at his trial, nor does he claim any actual bias resulting from the involvement of Judge Thomas Brett, the judge who erroneously failed to recuse himself from Mr. Brewer's habeas proceeding, in which an evidentiary hearing was held. In recently determining that a conviction occurring in a case in which § 455(a) was violated because the trial judge erred in failing to recuse herself, the Fifth Circuit made just such a case-specific inquiry:

> After a thorough review of the trial record, we are convinced that the conviction should stand. First, Appellant does not contend that Judge Melinda Harmon was *actually* biased during the trial phase, nor does she allege an explicit nexus between the alleged errors and the appearance of bias. Second, Appellant never contends that she suffered any harm during trial because of any alleged bias or prejudice. Third, we find neither an indication of bias in the trial record nor any error requiring reversal.

---

[3]In our affirmance of the denial of Mr. Brewer's first habeas petition, we described the crime as follows:

> On August 17, 1978, the semi-nude body of Karen Joyce Stapleton was discovered in her Tulsa apartment. She had been stabbed twenty-one times. Mr. Brewer confessed to the crime and physical evidence introduced at trial corroborated that confession.

Brewer v. Reynolds, 51 F.3d 1519, 1520 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996).

United States v. Jordan, 49 F.3d 152, 158 (5th Cir. 1995); see also Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1412-13 (5th Cir. 1994).

In holding that Judge Brett's order need not be vacated, the district court relied in part on Parker v. Connors Steel Co., 855 F.2d 1510 (11th Cir. 1988), cert. denied, 490 U.S. 1066 (1989), which Mr. Brewer claims is wrong. In Parker, in considering the third prong of the Liljeberg harmless error standard, "the risk of undermining the public's confidence in the judicial process," Liljeberg, 486 U.S. at 864, the court observed that a determination that § 455(a) had been violated would itself "instill greater confidence in our judiciary," Parker, 855 F.2d at 1527, without the necessity of also vacating the judgment. Indeed, on this latter point the Parker court said, "[i]n fact, if we reverse and vacate a decision that we have already determined to be proper, the public will lose faith in our system of justice because the case will be overturned without regard to the merits of the [underlying] claims." Id. We have cited this analysis with approval in applying the harmless error standard. See Harris v. Champion, 15 F.3d at 1572.

We have carefully reviewed all filings in this case and the record before us in this appeal. In our previous opinion affirming the district court order Mr. Brewer would have us now vacate, we explained that we had "exhaustively reviewed" the record in the case.

We AFFIRM the denial of Mr. Brewer's Motion, for substantially the reasons set forth in the district court's order. We DENY his request for a stay of execution. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge