**Randall S. WHITMORE, Plaintiff,**

**v.**

**David S. AVERY, Defendant.**

**No. 4:96CV3389.**

United States District Court, D. Nebraska.

March 4, 1998.

Randall S. Whitmore, San Diego, CA, Pro se.

Kimberly A. Klein, Lincoln, NE, for David Avery.

MEMORANDUM AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

URBOM, Senior District Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Once again the matter before me is a consideration of a procedural misstep in Randall Whitmore's nearly ten-year struggle through the morass that is habeas corpus jurisprudence. The most recent error is mine, which I briefly will explain before discussing the exact procedural posture of the motions before me. With the exception of the most recent events, I will presume the reader's familiarity with this case. A full exposition of the facts of this case may be found in my April 14, 1997, order in this case (filing 13).

On April 5, 1996, the petitioner filed his second § 2254 motion in this court, naming two bases for relief:

(1) The first issue is "Claim 2" of Petitioner's original habeas petition. That issue is whether a conflict of interest existed, which adversely affected Petitioner's representation. Evidence on that issue was adduced at hearing. It was taken under submission and reserved by this Court for future consideration.

(2) The second issue is whether Petitioner procedurally defaulted his conflict issue by raising it on postconviction motion and request for evidentiary hearing, and not on his direct state appeal, i.e., whether the state can make the requisite showing that its claim of procedural default is based on "adequate and independent" state grounds per *Coleman v. Thompson,* [501 U.S. 722, 727–

31] 111 S.Ct. 2546, 2553–54 [115 L.Ed.2d 640] (1991).

(Filing 1). This motion was erroneously filed in Whitmore's original habeas case, case number CV89–L–387. On October 23, 1996, after having reviewed the *pro se* petition, the magistrate judge ordered that the petition be placed in a new file as a new habeas petition, and the motion became the first filing in case number 4:CV96–3389, the case presently before me. (*See* filing 4).

The state then filed a motion for summary dismissal (filing 6), claiming that the petition was an abuse of the writ because it raised claims already raised and decided against Whitmore in his prior habeas corpus action. In a memorandum and order dated April 14, 1997, I denied the state's motion. (Filing 13). I found, though, that the petitioner had not exhausted his state remedies on the second claim and ordered the action stayed until the petitioner exhausted that claim. The state then filed a motion for certification of a question to the court of appeals, noting that the Eighth Circuit had found that a petition for habeas corpus must be dismissed, not stayed, pending exhaustion of state remedies. After reviewing the cases cited by the state, I decided that certification was unnecessary; instead, I *sua sponte* dismissed the action without prejudice. (Filing 17).

These last two rulings of mine—the order to exhaust the state remedies on the "adequate and independent state law" issue and the dismissal without prejudice—are the basis for the newest confusion in this case. A little over a month after my dismissal, the petitioner filed what he called a § 2254 motion. In this motion, however, Whitmore argues that my dismissal of his second petition was in error, and he requests that this court rule on the merits of the claims asserted in the second petition. Whitmore asserts that my error was in requiring exhaustion of the "adequate and independent state law" claim (claim 2), because that issue is solely a federal law determination and is not one that can be exhausted in state court. Since this petition, in essence, requested reconsideration of a previous ruling, the magistrate judge found that his motion was more appropriately treated as a Rule 60(b)(6) motion to vacate my April 14, 1997, order. Thus, the magistrate judge re-named the motion a Rule 60(b)(6) motion to vacate and took briefs from the parties on the matter. After considering the arguments, the magistrate judge found that the Rule 60(b)(6) motion should be granted.

The state filed a timely objection to that recommendation, and it is that matter that I address now.

## II. DISCUSSION

The state argues that the latest motion is an abuse of the writ because it raises the same issues that were raised in the second habeas petition. Also, the state notes its disagreement with my order on the state's motion for summary dismissal of the second petition, reasserting its position that the second petition is abusive. Because most of these objections either were raised in the state's motion for summary dismissal or are generalized disagreements with my rulings or the magistrate judge's findings, I simply will review *de novo* the issues before the magistrate judge and address the objections and the propriety of the magistrate judge's findings as they arise within that analysis. For clarity, I will refer to the original habeas action in case number 4:89–L–387 as the "first petition" or "first § 2254 motion;" I will refer to the original habeas action in the present case, 4:96CV–3389, as the "second petition" or "second § 2254 motion;" and I will call the newest § 2254 motion in 4:96CV–3389 the "latest petition" or the "third § 2254 motion."

In addition, the majority of arguments posed by both parties revisit issues relating to the second petition, and, as I will explain, the proper characterization of the second petition determines the fate of the petitioner's third motion. Therefore, I will revisit the viability of the second petition, including whether the Antiterrorism and Effective Death Penalty Act [AEDPA] applies to it and whether the second petition is abusive. Finally, depending on the resolution of those issues, I will determine whether the third petition should be considered another habeas corpus motion or a Rule 60(b)(6) motion.

### A. Whether the Provisions of the AEDPA Apply to Whitmore's Second Petition

Before embarking on an analysis of the petitioner's second or third petition, I must explain the relationship of Whitmore's case to the newly restrictive sections of the Antiterrorism and Effective Death Penalty Act [AEDPA]. The proper resolution of the matters presently before me depends upon whether the new procedures of the AEDPA apply to Whitmore's case. If the provisions apply, then I may be precluded from examining the issues either in the second or the third habeas petition. If the AEDPA does not apply to the second § 2254 motion, then the older "abuse of the writ" doctrine is the proper analysis to follow.

The AEDPA amended significant portions of the federal habeas corpus statutes. One such provision deprives the district court of any jurisdiction over "second" or "successive" habeas petitions. Petitioners wishing to file second or successive § 2254 motions first must seek a certification from the appropriate court of appeals, which may only allow further action on such motion in the following situations:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A). In addition, § 2244(b)(1) directs a court to dismiss claims presented in a second or successive habeas corpus application that were raised in a prior petition. 28 U.S.C. § 2244(b)(1). If these new provisions of the AEDPA apply to the petitioner's case, then it is clear that I could not hear the issues raised by him, regardless of the validity of those claims.

The AEDPA became effective on April 24, 1996, the date President Clinton signed it into law. The district court clerk received Whitmore's second § 2254 motion on April 5, 1996, a few weeks before the AEDPA went into effect. (*See* 4:96CV–3389, filing 1 (showing two date stamps of the court clerk, one of which is April 5, 1996)). As the magistrate judge noted in his report and recommendation, however, this petition was filed erroneously as part of a previous habeas corpus action, case number 4:89–L–387. The petition was not correctly filed as a new cause of action in case number 4:96CV–3389 until October 23, 1996, when the magistrate judge reviewed the *pro se* petition.

I agree with the magistrate judge that Whitmore should not be subjected to provisions of the AEDPA, because he clearly filed his petition with the court prior to the enactment date of the new law. The mistake in filing was one of a clerical nature, and, given that Whitmore is a *pro se* petitioner, leniency should be given him in this regard. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* complainants to less stringent standards than attorneys). Therefore, in accordance with the recent Supreme Court decision, *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), I find that the AEDPA should not be applied to Whitmore's second petition, as that petition was pending when the AEDPA became effective.

### B. Whether Whitmore's Second Petition is an Abuse of the Writ

The state claims that the third petition should be treated as yet another § 2254 motion and, therefore, should be found to be an abuse of the writ. Simply put, the state argues the third petition raises the same claims that were in the second habeas motion, which raises the same claim that was in the first habeas motion. Thus, because the state again asserts that the second petition is abusive, I must address that argument before reaching the arguments relating to the third petition.

The heart of the state's objection is the same as its objection in its motion for sum-

mary dismissal: the claims in the second petition are successive and are an abuse of the writ, because the petitioner raised the claims in his first § 2254 motion and was denied relief on those bases. I addressed this issue once before in my order on the state's motion for summary dismissal of the second petition (filing 13), in which I found the petitioner's second § 2254 motion not to be an abuse of the writ. Upon further reflection and study of the case law, though, I find I should address the argument again. As I will explain, I find that my order on the state's motion for summary dismissal was in error, but not for the reasons the state asserts.

I characterized the second petition as containing two separate claims: one asserting an actual conflict of interest at trial, and the other asserting that the state did not have adequate and independent grounds for denying Whitmore's postconviction relief on a procedural basis. This is a mischaracterization of the petitioner's claims under the law, and such misidentification forms the basis for the substantial confusion at this point. As the magistrate judge correctly pointed out, the "second claim" really is an assertion that the petitioner's first claim is not procedurally defaulted. Therefore, irrespective of the manner in which the petitioner enumerated his claims, the second claim in truth is not a claim unto itself; rather, it is the procedural justification for allowing this court to hear the merits of his first claim.[1]

Having established the true nature of Whitmore's second petition, I must re-examine my ruling on the motion for summary dismissal. In so doing, I find again that the petitioner's second motion is not an abuse of the writ, but for reasons different from those stated in my memorandum and order of April 14, 1997.

At the time of the filing of the petitioner's second habeas corpus motion, section 2244 of title 28 of the United States Code and Rule 9(b) of the Rules Governing Section 2254 Cases controlled whether a federal court could hear a petitioner's second or subsequent writ of habeas corpus. At that time, section 2244 of Title 28 stated as follows:

> When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual ground not adjudicated on the hearing on the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

28 U.S.C. § 2244(b) (1994). Rule 9(b) provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds the failure of the petitioner to assert those grounds in a

1. If Whitmore can show that the state's denial of his postconviction relief was not based on an adequate and independent state ground, his claim will not be in procedural default, and this court may hear the merits of his conflict of interest claim. The Eighth Circuit explained this principle in the following way:

> [I]f the state procedural rule is unclear, or has been inconsistently applied, or appears to be a new rule designed to thwart the assertion of federal rights in the very case under review, ... a federal habeas court [] might well conclude that such a rule of state law, valid though it may be for merely state law purposes, would not suffice to bar habeas review....

*Sloan v. Delo*, 54 F.3d 1371, 1379 (8th Cir.1995), *cert. denied*, 516 U.S. 1056, 116 S.Ct. 728, 133 L.Ed.2d 679 (1996) (quoting *Williams v. Lockhart*, 873 F.2d 1129, 1131–32 (8th Cir.), *cert. denied*, 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 333 (1989)). Whether a state has based its ruling on an adequate and independent state rule of procedure is a question of federal law. *Sloan*, 54 F.3d at 1379.

prior petition constituted an abuse of the writ.

Rule 9 of R.GOV.SEC. 2254 CASES.

As stated by the Supreme Court, a petition is successive where it "raises grounds identical to those raised and rejected on the merits on a prior petition." *Schlup v. Delo,* 513 U.S. 298, 318 n. 34, 115 S.Ct. 851, 862–63 n. 34, 130 L.Ed.2d 808 (1995) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2621–22 n. 6, 91 L.Ed.2d 364 (1986) (plurality opinion)); *Sawyer v. Whitley,* 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). A petition is also abusive "where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitle[s] him to the relief he seeks.'" *Schlup v. Delo,* 513 U.S. 298, 318 n. 34, 115 S.Ct. 851, 862–63 n. 34, 130 L.Ed.2d 808 (1995) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 445 n. 6, 106 S.Ct. 2616, 2621 n. 6, 91 L.Ed.2d 364 (1986)) (plurality opinion) (quoting *Sanders v. United States,* 373 U.S. 1, 17–19, 83 S.Ct. 1068, 1078–79, 10 L.Ed.2d 148 (1963)).

Thus, a subsequent petition is abusive in only two situations: (1) if the merits were adjudicated in a previous habeas corpus proceeding, or (2) if the petitioner raises claims that he could have raised in a previous habeas corpus action but did not. Neither of those situations matches Whitmore's case history. First, the *merits* of the claim asserted now—that Whitmore's counsel labored under a conflict of interest that negatively affected his trial—were never decided by any court. At the district court level, the magistrate judge addressed only the first claim in Whitmore's original petition, which was whether the trial judge knew of the conflict of interest and failed to make any judicial inquiry into that issue. In adopting the magistrate judge's findings and in ruling in favor of Whitmore, I also bypassed ruling on the merits of the petitioner's second claim, which is the only claim he raises now.

The state argues, though, that even though this court never ruled on the claim now asserted by Whitmore, the Eighth Circuit did rule on that issue and found in favor of the state. True enough, on appeal, the Eighth Circuit did find against Whitmore on his (then) second (now first) claim, notwithstanding the fact that the record had not been developed on this issue in our court. However, what the state fails to recognize is that the Eighth Circuit decided only a limited issue in ruling against the petitioner on that claim, and that issue was not a decision on the *merits* of Whitmore's conflict of interest claim.

The Eighth Circuit directed its attention to one issue only: whether either of the petitioner's two claims fell within the "fundamental miscarriage of justice exception." This exception is an avenue for reaching the merits of a habeas corpus claim when a petitioner has procedurally defaulted. If a petitioner has procedurally defaulted and cannot show cause for and prejudice from such default, a court may hear the petitioner's claims only if the petitioner can show a fundamental miscarriage of justice. This burden is a heavy one. As the Supreme Court recently stated in its clarification of the standard, the claimant must show that he or she is "actually innocent," or that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995).

[6] Although the Eighth Circuit found that Whitmore could not meet this heavy standard, such finding does not close the door on the merits of the claim asserted now. The fundamental miscarriage of justice exception is only relevant if the petitioner *has procedurally defaulted.* What Whitmore argues now is that his conflict of interest claim was never procedurally defaulted, because the state court's grounds for not hearing his claim were not based on "adequate and independent state law." If he can show that he has not procedurally defaulted, then this court may hear the merits of his claim regarding his counsel's conflict of interest, which, as the magistrate judge noted, have never been addressed by any court.[2]

2. The court of appeals did address some factual issues relating to the conflict of interest in its

The state may argue, though, that the petitioner's claim falls within the other type of abuse: a deliberate or negligent failure to raise the "adequate and independent state law" issue in this court before. If the petitioner had established that he was not procedurally defaulted on this claim, the state might argue, then the case would not have reached the Supreme Court once and the Eighth Circuit twice on the issue of whether the petitioner fit into an exception to the procedural default rule. Therefore, under this argument, the petitioner has abused the process by encouraging wasteful and piecemeal litigation. This argument would have merit if the summary of this case's facts were that simple. Simplicity, though, describes nothing in this case's history.

If one finds the record lacking in attempts by the petitioner to prove that he did not procedurally default on his "adequate and independent state law" claim, it is more than arguable that this court either foreclosed or significantly impaired his opportunity to make such arguments. As I noted in my memorandum and order on the motion for summary dismissal (filing 13), the magistrate judge's order directing the appointment of counsel for Whitmore in the first § 2254 petition inadvertently may have limited the arguments his counsel made regarding the procedural default issue. In that order, the magistrate judge stated, "unless the petitioner relies upon 'a fundamental miscarriage of justice,' [cite omitted], he will be required to meet the 'cause and prejudice' test before this court can reach the merits of his claims." (4:89CV–L–387, filing 22, at 2). The "cause and prejudice" and "fundamental miscarriage of justice" tests, though, are relevant only if the petitioner actually procedurally defaulted his claims; thus, in limiting the arguments to exceptions to the procedural default rule, the magistrate judge seemed to foreclose arguments that the claims were not procedurally defaulted.[3] *See Whitmore v. Avery,* 26 F.3d 1426, 1434 n. 2 (8th Cir.1994) (Heaney, J., dissenting), *rev'd,* 513 U.S. 1141, 115 S.Ct. 1086, 130 L.Ed.2d 1056 (1995) (mem.).

Therefore, based on the previous discussion, I find that the petitioner's second § 2254 motion is not an abuse of the writ. I also vacate my order on the motion for summary dismissal to the extent that it conflicts with this memorandum.

### C. Whether the Third § 2254 Motion Should be Treated as a Rule 60(b)(6) Motion

Having deduced that the second motion was not abusive, I now must determine how to treat the third § 2254 motion, which asserts the same claims as the second motion. The magistrate judge decided to treat the motion as a Rule 60(b)(6) motion. The state objected to such characterization, citing *Bolder v. Armontrout,* 983 F.2d 98 (1992), *cert. denied,* 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993), and *Blair v. Armontrout,* 976 F.2d 1130 (8th Cir.1992), *cert. denied,* 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993). In both of those cases, the Eighth Circuit treated a habeas petitioner's Rule 60(b)(6) motion as a new motion for habeas corpus. Those cases are distinguishable from the present case, though, for the sound reasons cited by the magistrate judge. *See* Report and Recommendation, at 2.

Rule 60(b)(6) allows a court, "on motion and upon such terms as are just," to relieve a party from an order for, among other reasons, "any ... reason justifying relief." It

opinions; however, as I have noted already, these facts were examined under a heavy burden of proof: the "actual innocence" standard. If the petitioner were allowed to proceed to the merits of his conflict of interest claim without having to prove a fundamental miscarriage of justice, his burden would be significantly lower. For conflict of interest cases, a habeas corpus petitioner must show that his counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)).

3. Any such foreclosure by the magistrate judge was inadvertent, of that I am sure. He could not, nor could I, have predicted that such seemingly innocuous decisions and statements would have caused the petitioner to endure the odd turns, detours, and obstacles that have arisen in this case. Unfortunately for the petitioner, every stage in the resolution of his case has added to this confusion.

is, as the Eighth Circuit has noted, an "extraordinary remedy" and is "not a substitute for other legal remedies." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir.1989). I fully agree with the magistrate judge that this is a case filled with exceptional turns and events. In addition, I concur with the magistrate judge's unexhaustive list of some of those mishaps.

I also note that Rule 60(b)(6) motions are appropriate when "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d at 1128. In the most recent turn of events, Whitmore's case was dismissed by me *sua sponte* to exhaust his "second" claim. This dismissal was not one on its merits so as to allow immediate appeal. Nor could the petitioner have followed my instructions and exhausted his remedies, because the claim was not one that could be exhausted or that federal law requires to be exhausted. Thus, the usual channels were unavailable to him because of my erroneous orders. I agree with the magistrate judge that this is the type of case that warrants the exceptional relief contemplated by Rule 60(b)(6).[4]

**IT IS THEREFORE ORDERED** that

(1) the state's objections to the magistrate judge's report and recommendation, filing 24, are overruled;

(2) the magistrate judge's recommendation to reopen judgment, filing 21, is accepted for the reasons stated herein;

(3) and the memorandum on motion for summary dismissal, filing 13, is vacated to the extent it conflicts with this opinion.

4. In addition, I note that, even if the petitioner's case were treated as a third § 2254 motion, it would be considered neither abusive nor a "second or successive" motion under the AEDPA. Prior to the AEDPA's enactment, a claim was a "successive" only if it had been asserted and decided *on its merits. See Schlup v. Delo*, 513 U.S. at 319 n. 34, 115 S.Ct. at 863 n. 34 (1995) (A successive petition is one which " 'raises grounds identical to those raised and rejected on the merits on a prior petition.' ") (quoting *Kuhlmann v. Wilson*, 477 U.S. at 445 n. 6, 106 S.Ct. at 2622 n. 6 (1986) (plurality decision)). The issues raised in the petitioner's latest motion have never been decided on their merits.

With regard to the restrictions of the AEDPA, those circuits which have addressed the issue post-AEDPA have held unanimously that a motion for habeas corpus filed after a dismissal without prejudice to allow the petitioner to exhaust state remedies is not a "second or successive" motion within the AEDPA. Therefore, the claimant would not have to petition the court of appeals for certification before the district court could reach the merits of these re-asserted claims. *See McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir.1997) (finding that reassertion of claims after dismissal without prejudice to exhaust state remedies is not "second or successive," but is merely a continuation of first claim); *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir.1997) (petition filed after dismissal to exhaust state remedies is "merely a continuation of his first collateral attack, not a 'second or successive' petition within the meaning of § 2244."); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir.1997) (§ 2244 does not apply to renewed petitions that were dismissed without prejudice for failure to exhaust); *In re Turner*, 101 F.3d 1323, 1323 (9th Cir.1996) ("section 2244 does not apply to second or subsequent habeas petitions where the first petition was dismissed without prejudice for failure to exhaust state remedies.") *Dickinson v. Maine*, 101 F.3d 791, 791 (1st Cir.1996) (same); *Camarano v. Irvin*, 98 F.3d 44, 45–46 (2d Cir. 1996) (finding that, absent more direct evidence of Congress's intent, court would not interpret the AEDPA as eradicating the prior jurisprudence on "abuse of the writ" in cases where petition had been dismissed for exhaustion and not on merits). *See also Benton v. Washington*, 106 F.3d 162, 164–65 (7th Cir.1996) (applying same principles to dismissal for failure to pay filing fee; noting confusion caused by rule). In addition, although the Eighth Circuit has not ruled directly on the issue, it has implied that it would follow the majority rule. *See Denton v. Norris*, 104 F.3d 166, 167 n. 2 (8th Cir.1997) (citing *Camarano* and noting that there may be circumstances in which the "second or successive" language "should not be literally and woodenly applied.").

Despite the fact that the petitioner's motion would not appear to be barred if it were treated as another motion for habeas corpus, I find that the Rule 60(b)(6) remains the more appropriate procedural avenue for the plaintiff's motion at this time. The petitioner's case should not have been dismissed at all, since his claim was not of the type that either had to be exhausted or could be exhausted. Unquestionably, the petitioner's claims would be governed by the more restrictive AEDPA, which has left a wake of conflicting interpretations in the many federal courts on many different issues. Given the bizarre changes that already have occurred in this case, I think the petitioner should not be penalized by being forced into that unstable legal framework because of my error.

REPORT AND RECOMMENDATION

Pending is the filing of the petitioner entitled "Petition for Writ of Habeas Corpus" which has been construed by me as a motion to reopen the judgment pursuant to *F.R.Civ.P.* 60(b)(6). The respondent opposes the motion for the reasons that a Rule 60(b)(6) motion should be treated as a subsequent habeas petition; there is nothing "exceptional" about petitioner's situation which justifies relief under Rule 60(b)(6); and petitioner knew when he was bonded out in this matter that if the Court of Appeals disagreed, which it subsequently did, he would be reincarcerated to serve out his term.

The facts of this matter have previously been summarized on several occasions. I do not repeat them here, but refer instead to the summary found in Judge Urbom's memorandum and order of April 14, 1997, filing 13.

Rule 60(b)(6) Motion vs. Successive Petition

Respondents rely on *Bolder v. Armontrout,* 983 F.2d 98 (8th Cir.1992), *cert. denied,* 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993), and *Blair v. Armontrout,* 976 F.2d 1130 (8th Cir.1992), *cert. denied,* 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993), for the proposition that the Eighth Circuit has approved treating a Rule 60(b)(6) motion as a successive petition. In both of those cases, however, the petitioner sought by his motion to present claims which either had not been presented before in his earlier petition, or had been presented and decided on the merits. Thus, the Court of Appeals found them to be barred as either successive or abusive. *See, Bolder,* 983 F.2d at 99; *Blair,* 976 F.2d at 1133. Under these circumstances the Court of Appeals held that the district courts did not err in treating the Rule 60(b) motions as second or successive petitions, *Bolder,* 983 F.2d at 99; *Blair,* 976 F.2d at 1134, noting that it had in the past treated a motion to remand (which raised successive and abusive claims) as a successive petition, *see, Smith v. Armontrout,* 888 F.2d 530, 540 (8th Cir.1989), as well as a motion to recall the mandate (which also raised successive and abusive claims). *See, Simmons v. Lockhart,* 856 F.2d 1144 (8th Cir.1988). Such treatment makes sense, because permitting the petitioner to execute an end run around the doctrines of exhaustion and procedural default by recasting his claims as a Rule 60(b)(6) motion or any other creative procedural mechanism would render those doctrines and the principles behind them, including the finality of judgments, meaningless.

While respondents argue that petitioner's claims here should be subjected to this analysis, respondents do not do the analysis. Conducting the analysis respondents urge does not yield their conclusion.

In this case the first of petitioner's two claims [1] raised in this petition was raised in his earlier petition, but on that claim, this court has found, *no binding ruling has been made on the merits. See,* Memorandum and Order of Judge Urbom, April 14, 1997, filing 13. The other claim, though it was not raised, was found to be unavailable to petitioner at the time of his original petition, as a result of unclear directives from me, and hence, was found not abusive. *Id.* Thus, these claims have each been explicitly found by this court to be *neither successive nor abusive. Id.* Therefore, they do not fit within the framework of the cases cited by the respondent.

Subsequent to holding these claims neither abusive nor successive, and in response to the state's motion requesting certification of a procedural question to the Court of Appeals, this court, *sua sponte,* dismissed the petition. *See,* Memorandum and Order, and Judgment, entered June 6, 1997, Filings 16 and 17. This court, however, did not alter its findings that neither of petitioner's claims is successive or abusive. *Id.* Petitioner's pleading now before me, filing 19, followed shortly thereafter.

The foregoing discussion confirms that whether one regards the new pleading as a successive petition or as a Rule 60(b)(6) motion, it may be considered as a successive petition. This court has *already* so considered each of petitioner's claims that the new "petition" seeks to raise and found *no* bar to their consideration. *See,* Memorandum and

1. As is discussed *infra,* I do not agree that petitioner has raised two claims by his pleadings.

Order on Respondent's Motion for Summary Dismissal, April 14, 1997 (filing 13). These findings have not been challenged by the respondents in any way. They are part of the law of the case. I conclude, therefore, in accordance with the earlier findings by Judge Urbom, that the claims themselves are not barred from consideration by this court.

Other Considerations

There may be other reasons, though, quite apart from Rule 60(b)(6), that should cause this court not to consider petitioner's claims at this time. I address them now.

One of them is the previous judgment of dismissal, based on the rulings in *Victor v. Hopkins,* 90 F.3d 276 (8th Cir.1996). Judge Urbom relied on the *Victor* decision in entering his dismissal order. Filing 16. The holding in *Victor* is simply that a district court does not have discretion to hold in abeyance a habeas action when the petitioner has presented a "mixed petition" under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), while petitioner presents his unexhausted claims to the state courts; instead, the district court must dismiss the petition, without prejudice to its refiling after the exhaustion requirement has been met. 90 F.3d at 282.[2]

In this case petitioner seeks to reopen the judgment on his petition. The petition sets out two claims: (1) Petitioner received ineffective assistance of counsel at trial from a conflict of interest which adversely affected counsel's representation (Claim 2 of petitioner's original action); and (2) Petitioner did not commit a procedural default in failing to present this claim to the Nebraska Supreme Court on his direct appeal.

As can be seen, Claim 2 is not a separate constitutional claim at all; it is, instead, merely a procedural step petitioner contends this court did not but should have addressed in deciding to reach the merits of his constitutional claim stated in claim 1.[3] Indeed, the exhaustion and procedural default doctrines that have evolved in habeas jurisprudence do not confer or preserve Constitutional rights of citizens; they are, instead, products of the common law and the language of 28 U.S.C. 2254(b):

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b) (prior to 1996 amendments). That statutory framework, in turn, was the result of an abiding concern for comity to the states and the problems of federalism arising if a federal court should find constitutional error in state court convictions. *See,* e.g., *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *see also,* Peller, "In Defense of Federal Habeas Corpus Relitigation," 16 Harvard Civil Rights—Civil Liberties Law Review 579 (1982). The doctrines surrounding procedural default and the overcoming of procedural default speak to this comity, not a constitutional right of the petitioner.

Hence, petitioner's characterization of the second claim as a separate claim has been incorrect. Petitioner argues that this court should find the Nebraska Supreme Court's conclusion, that he had defaulted on Claim 1 by not raising it on direct appeal, not worthy

2. Interestingly, the opinion of the Court of Appeals states that the parties agreed Victor's petition contained both exhausted and unexhausted claims. *Id.* at 278. That does not square with the record of the case in this court. Nevertheless, the Court of Appeals' decision rests upon that premise.

3. It is this issue that petitioner claims, and other judges have agreed, I may have inadvertently foreclosed to him by directing his appointed counsel in the previous habeas case to address only "cause and prejudice" and "fundamental miscarriage of justice" to overcome his procedural default, without allowing him to challenge whether he was in procedural default in the first place.

of deference because it was not an "independent and adequate" state law ground for refusing to consider petitioner's constitutional claim. His position, however, even though it was stated as a claim, is not based on the constitution, and if successful, it would not entitle him to habeas relief under 28 U.S.C 2254(a) (relief restricted to those "in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner's argument is just that: an argument. While it may be a theory on which to base an appeal from this court's orders, it is not a cognizable constitutional claim.

Nor is it a state law claim. The "independent and adequate state law ground" stems from federal, not state, jurisprudence. *See, Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). It speaks to the deference the federal courts must give to state courts' interpretations of state law, something on which the state courts are the final arbiters. *Id.* If this ground were presented to the Nebraska courts as a ground for granting relief under the state postconviction statute, *Neb.Rev.Stat.* Section 29–3001, et seq., it would most assuredly be met with a successful demurrer.[4]

The result of this reasoning is that it is simply of no consequence whether or not this "claim" has been presented to the state courts. The "claim" does not exist as an independent ground for relief, and it should not be considered as such.

Erasing "Claim 2" from the "petition," Petitioner's efforts become clear: He simply wants this court to finally reach the merits of his original claim of trial counsel's conflict of interest, a claim on which there has never been any binding, substantive decision. His "petition" in fact presents only that one claim. It thus cannot be a "mixed petition," and *Victor* does not apply.

Another reason that may caution this court against reopening the judgment in this case is the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, which became effective April 24, 1996, and which substantially amended the law of habeas corpus as found in 28 U.S.C. sections 2244, 2253, 2254, and 2255. Of importance to this case is the Act's amendment to section 2244, which prohibits the district courts from considering subsequent petitions for habeas corpus unless the Court of Appeals has granted the petitioner leave to file such a petition. 28 U.S.C. 2244(b)(3)(A).

Petitioner filed this petition in this court on April 5, 1996, in his previous case, CV 89–387, before the effective date of the Act. However, it was not until October 23, 1996 that I, as the magistrate judge reviewing pro se matters in this court, reached his submission for consideration. At that time I determined that the petition should be filed as a separate case. This case file was then opened.

The non-capital habeas amendments of 1996 have been found not to be retroactive, *Lindh v. Murphy,* — U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), raising the question of whether, in the circumstance of a petitioner filing a petition before their effective date, but the court later determining that it should be made a separate case, the new provisions apply. I see no reason to penalize petitioner in this instance, particularly when the petition was, in fact, "filed" in his previous case before April 24, 1996. Petitioner did all that he could to file his petition with this court when he submitted it. It is no fault of his that I was unable to consider it before April 24, 1996. To hold his petition governed by the 1996 amendments would violate the tenor if not the letter of *Lindh,*

4. In addition, it is not clear whether the Nebraska state courts could even exercise jurisdiction over any postconviction action brought now by this petitioner. It is well settled in Nebraska law that a movant for postconviction relief must actually be "in custody" in Nebraska at the time of the filing of the motion in order to have it considered. *See, Neb.Rev.Stat.* Section 29–3001; *State v. Harper,* 233 Neb. 841, 842, 448 N.W.2d 407 (1989); *State v. Whitmore,* 234 Neb. 557, 452 N.W.2d 31 (1990) (Nebraska detainer filed against petitioner in federal prison did not render him "in custody" of Nebraska for filing postconviction motion). There is no Nebraska case saying that a criminal defendant who has been provisionally released on bail by a federal court pending disposition of his habeas petition is or is not in actual physical custody of the State of Nebraska.

and would unduly penalize him for this court's delay in reaching his submission. I decline to do so. I therefore conclude that this petition was pending on the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, and those amendments therefore do not apply to this case.

Rule 60(b)(6) Considerations

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986). "The law is clear that relief under Rule 60(b) is an extraordinary remedy. It lies within the discretion of the trial court, and a granting or denial can only be reversed for abuse of discretion." *Payne v. Toan,* 671 F.Supp. 1247, 1248 (W.D.Mo.1987) (citing *In re Design Classics, Inc.,* 788 F.2d 1384 (8th Cir.1986)).

Respondent argues that there is nothing extraordinary about this case, or this judgment, that justifies reopening the case. I must respectfully disagree. In fact, I believe this case is brimming with events which are unusual, to say the least, if not exceptional. Among them:

Petitioner's retained counsel withdrew from representing him only a few days before trial, claiming that petitioner did not pay him enough money.

Petitioner scrambled to hire substitute trial counsel, but none of the attorneys he approached would take his case.

The trial judge, even though he was made aware of petitioner's unsuccessful attempts to find a substitute lawyer, refused petitioner's request for a continuance to do so.

Petitioner was represented at trial by a lawyer who was at that time representing his codefendant.

Petitioner was tried before a judge who at that time had his codefendant's case under submission.

Petitioner was represented at sentencing by a different lawyer, who failed to argue the conflict of interest at the sentencing hearing or on the hearing on the motion for new trial, despite petitioner's directions to him to do so.

Petitioner then approached new counsel about raising the issue on direct appeal, and was advised that due to conflicting Nebraska precedent, he should raise it in a postconviction action instead.

When petitioner followed that advice and did raise the conflict of interest issue in his postconviction action, the Nebraska Supreme Court ruled, in contrast to its own precedent, that he should have raised it on direct appeal, and the claim was waived by procedural default.

Petitioner's counsel on his direct appeal did not raise the trial judge's failure to inquire as to the conflict of interest, which caused that claim to be held in procedural default.

Petitioner's counsel on postconviction did not raise appellate counsel's failure to raise the judicial inquiry claim as ineffective assistance of appellate counsel.

In this court on his first habeas case the undersigned magistrate judge gave unclear directives to petitioner's counsel about the scope of his representation, thus possibly inadvertently limiting counsel's ability to challenge the state courts' findings of procedural default.

Following an evidentiary hearing on his claims in this court, the undersigned magistrate judge made findings only on petitioner's first claim, and reserved consideration of his second claim, the conflict of interest claim, for the later consideration in the event the writ was not granted on petitioner's first claim.

On appeal from this court's granting the writ on the first claim, the court of appeals considered and decided the second claim, even though it did not have before it any district court findings on that issue.

As petitioner's case progressed, the law concerning "fundamental miscarriage of justice" as a means of overcoming procedural defaults was changing rather dramatically, and this court construed that phrase differently than was later decided by the Supreme Court, causing this court's findings to be incomplete on that issue. On remand from the Supreme Court of the United States, the court of appeals decided that petitioner had not shown a fundamen-

tal miscarriage of justice, even though, again, it did not have before it any district court factual findings on that issue.

On his second habeas action, this court adopted petitioner's mischaracterization of his second "claim" as a constitutional claim.

As a result of that mischaracterization, this court did not apply the proper standard in finding the petition a "mixed petition."

This court dismissed the second petition *sua sponte,* without clearly permitting petitioner an opportunity to respond to the state's motion for certification as a dismissal motion.

In my experience each of these events is an unusual event in its own right. For them all to have happened in one case is, in my view, not only an exceptional circumstance, but one which will not be repeated. In my view these occurrences have conspired to prevent petitioner from fully being heard, making this case "extraordinary" as that term is used in Rule 60(b) parlance. As Judge Heaney said in his dissent from the Eighth Circuit's decision on the appeal of petitioner's first habeas case,

> Randall Whitmore was not well served by the Nebraska bar in this case. Trial counsel labored under a patent conflict of interest, the trial judge failed to inquire of Whitmore about this conflict, appellate counsel failed to raise the trial judge's failure to inquire as error, and postconviction counsel failed to raise appellate counsel's failure. Again and again Whitmore's various counsel have fallen below acceptable levels of representation in their work on his behalf. The failures, however, did not end there. When trial counsel's constitutionally deficient performance was raised to the Nebraska Supreme Court in Whitmore's motion for postconviction relief, that court also failed Whitmore in arbitrarily holding the claim procedurally barred. Whitmore is again failed by this court's acceptance of that bar as adequate, and it is on this basis that I must dissent.

26 F.3d at 1432 (Heaney, Senior Circuit Judge, Dissenting). And, unfortunately, as can be seen from the above listing of events, the "failures" visited upon petitioner did not stop on the day that opinion was written. In my view justice has not been served.

Ironically, nearly all of the "failures" experienced by petitioner are the result of procedural wrangling that had little, if anything, to do with the merits of his case. Had that ruling been forthcoming in the normal course, the court would not now be faced with this entanglement. It appears that all petitioner wants is such consideration: a full, proper ruling on the merits of his claim of conflict of interest. I think he should have it.

IT THEREFORE HEREBY IS RECOMMENDED to the Hon. Warren K. Urbom, United States Senior District Judge, pursuant to 28 U.S.C. 636(b)(1)(B), that the motion to reopen the judgment, filing 19, be granted.

The parties are notified that failure to object to this recommendation in accordance with the local rules of this court may result in waiver of the right to appeal the district judge's adoption of this recommendation.

Dated November 13, 1997.