998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Lee STUBBS, Plaintiff-Appellant,
v.
Charles E. FOLEY, Sheriff of Marlboro County; County of
Marlboro; Rusty Parrish, Deputy Sheriff; Charles Lemmon,
Deputy Sheriff; Henry Abraham, Deputy Sheriff; Earl Hood,
Warden, Marlboro County Jail, Defendants-Appellees.
 No. 92-7164.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993.
Decided: July 2, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Henry Michael Herlong, Jr., District Judge. (CA-92-2165)
 Charles Lee Stubbs, Appellant Pro Se.
 D.S.C.
 VACATED AND REMANDED.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Lee Stubbs appeals from the district court's order dismissing without prejudice his action brought pursuant to 42 U.S.C. § 1983 (1988). Because we find that the district court erred in dismissing the action, we vacate and remand with instructions to the district court to stay the case on the docket pending exhaustion of state remedies by Stubbs.
 
 
 2
 Stubbs, an inmate at Lieber Correctional Institution, filed a pro se action pursuant to § 1983 seeking $45 million in damages arising from the allegedly unconstitutional actions which occasioned his arrest and conviction for criminal sexual assault. Specifically, Stubbs alleged that his arrest in February 1990 was invalid because there was no search warrant for his resident or automobile, neither Stubbs nor his wife consented to the search, no warning was given in accordance with Miranda v. Arizona, 384 U.S. 436 (1966), and his guilty plea was coerced. Stubbs named the County of Marlboro, South Carolina, the Sheriff of Marlboro County, three deputy sheriffs, and the warden of the Marlboro County Jail as defendants.
 
 
 3
 The magistrate judge recommended that the district court dismiss the action without prejudice, finding that because Stubbs was challenging the validity of his conviction, an action under 28 U.S.C. § 2254 (1988) was the appropriate remedy. The district court agreed with the magistrate judge and dismissed the action without prejudice to allow Stubbs to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). Stubbs appealed.
 
 
 4
 We review the dismissal of an action de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Dismissal is appropriate where, construing the allegations in the light most favorable to plaintiff and assuming the facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. Revene, 882 F.2d at 872. Our review of the record in this case leads us to believe that the district court improperly dismissed this case.
 
 
 5
 A state prisoner may bring a § 1983 action for damages attacking the fact or duration of his confinement based on allegedly unconstitutional actions which occasioned his arrest and conviction. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied. 455 U.S. 911 (1982). However, a prisoner who brings such an action may not avoid the exhaustion requirement by seeking only monetary relief. Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983); Hamlin, 664 F.2d at 3132. Therefore, although exhaustion of state remedies is not generally a prerequisite to an action under § 1983, Patsy v. Board of Regents, 457 U.S. 496, 516 (1982), exhaustion is required when the § 1983 claim attacks the fact or duration of confinement. See Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir. 1984). Accordingly, the district court erred in concluding that Stubbs' only remedy was through a § 2254 action, and erred in dismissing the action for that reason.
 
 
 6
 Generally, when a plaintiff has failed to exhaust state court remedies, the case is dismissed rather than retained on the docket pending exhaustion. Slayton v. Smith, 404 U.S. 53 (1971). However, we direct the district court to stay this case pending exhaustion of state court remedies to guard against a statute of limitations problem. See Traverso v. Penn, 874 F.2d 209, 213 (4th Cir. 1989); Suggs v. Brannon, 804 F.2d 274, 279-80 (4th Cir. 1986).
 
 
 7
 There is no federal statute of limitations for § 1983 actions; the analogous state statute governing personal injury actions applies. Wilson v. Garcia, 471 U.S. 261, 280 (1985). This case arose in South Carolina in February 1990; the statute of limitations is three years. S.C. Code Ann. § 15-3-530(5) (Law. Co-op. Supp. 1992). The statute of limitations will run in February 1993. Therefore, we vacate the decision of the district court and remand with instructions to stay the case pending Stubbs' exhaustion of state court remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED