PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FREDERICK AIKENS,

        *Plaintiff-Appellant,*

        v.

WILLIAM E. INGRAM, JR.,
individually and in his capacity as
Adjutant General of the North
Carolina Army National Guard;
PETER VON JESS, individually and
in his capacity as Lieutenant
Colonel of the North Carolina
National Guard; BRIAN MCCARTHY,
individually and in his capacity as
a member of the North Carolina
Army National Guard; PAUL JONES,
individually and in his capacity as
a member of the North Carolina
Army National Guard,

        *Defendants-Appellees.*

No. 08-2278

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Dever III, District Judge.
(5:06-cv-00185-D)

Argued: March 25, 2010

Decided: July 6, 2010

Before NIEMEYER and KING, Circuit Judges, and Eugene E. SILER, Jr., Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

---

Affirmed by published opinion. Judge Niemeyer wrote the majority opinion, in which Senior Judge Siler joined. Judge King wrote a dissenting opinion.

---

## COUNSEL

**ARGUED**: William Woodward Webb, Sr., EDMISTEN & WEBB, Raleigh, North Carolina, for Appellant. John Foster Maddrey, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF**: William Woodward Webb, Jr., EDMISTEN & WEBB, Raleigh, North Carolina, for Appellant. Roy Cooper, North Carolina Attorney General, W. Dale Talbert, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

---

## OPINION

NIEMEYER, Circuit Judge:

Frederick Aikens, formerly a colonel in the North Carolina Army National Guard, commenced this action against his former colleagues, Adjutant General William Ingram and Lieutenant Colonel Peter von Jess, alleging that they violated his Fourth Amendment rights by wrongfully intercepting, reading, and forwarding his e-mails while he was deployed in Iraq. The district court dismissed the action without prejudice, concluding that it lacked subject matter jurisdiction because

of Colonel Aikens' failure to exhaust any available intra-military remedies. The court entered a judgment of dismissal on September 14, 2007.

When Colonel Aikens filed his claim with the Army Board for Correction of Military Records ("ABCMR"), the Board determined that it could not provide him with the relief that he sought. Afterwards, rather than filing a new action, Aikens sought to reopen the judgment entered in this case by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The district court denied the motion, reasoning that Colonel Aikens had failed to establish the extraordinary circumstances necessary for granting relief from judgment under Rule 60(b)(6).

For the reasons that follow, we conclude that the district court did not abuse its discretion and affirm.

I

After Frederick Aikens was promoted to colonel in the North Carolina Army National Guard, Lieutenant Colonel Peter von Jess was selected to replace him as executive officer of the 139th Rear Operations Center. Shortly thereafter, Colonel Aikens began receiving complaints about von Jess from subordinate field officers, leading Aikens to discipline von Jess in a July 2002 officer evaluation report. Aikens reiterated that evaluation in a December 2002 evaluation report. Adjutant General William Ingram, who had selected von Jess to replace Aikens as executive officer, invalidated Colonel Aikens' evaluation of von Jess, which provoked Colonel Aikens to file a complaint for undue command influence with the Department of the Army Inspector General. The Inspector General substantiated Aikens' complaint.

According to Aikens, when he was later deployed to Kuwait in April 2003, two of his subordinate officers, under instructions from General Ingram, illegally monitored and

intercepted his personal e-mails from a computer system they had set up for him. These e-mails contained personal correspondence, including negative statements about General Ingram and others.

Thereafter, General Ingram ordered two separate investigations of Aikens, one in December 2003 and another in February 2004, both of which were later determined to be unsubstantiated. But Colonel Aikens was later notified by the Inspector General that he was the subject of yet another investigation for a "hostile command climate and inappropriate relations with women." These charges were substantiated in part by use of the intercepted e-mails. Colonel Aikens asserts that as a result he resigned from the North Carolina National Guard in June 2005 and that his resignation amounted to constructive discharge from the United States Army. After his resignation, he was transferred to the Retired Reserve.

Colonel Aikens commenced this action against General Ingram and Lieutenant Colonel von Jess, contending that the defendants violated his Fourth Amendment rights and Army Regulation 380-19. General Ingram and Lieutenant Colonel von Jess filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction because Colonel Aikens had failed to exhaust his intra-service military remedies through the ABCMR. Aikens responded, arguing that exhaustion was unnecessary because the ABCMR could not address Fourth Amendment violations and that General Ingram and Lieutenant von Jess were, in any event, state actors not subject to the ABCMR.

The district court granted the motion without prejudice, directing Aikens to exhaust his intra-service administrative remedies with the ABCMR. *Aikens v. Ingram*, 513 F. Supp. 2d 586 (E.D.N.C. 2007). The court noted that Colonel Aikens' complaint, in making his Fourth Amendment argument, relied on Army Regulation 380-19 and that the

ABCMR "has authority to 'correct an error or remove an injustice' in plaintiff's military record," *id.* at 591 (quoting 10 U.S.C. § 1552(a)(1)), and to "'reinstate [plaintiff] in a comparable active federal reserve status, restore his pay and order compensatory back pay,'" *id.* (quoting *Williams v. Wilson*, 762 F.2d 357, 360 n.6 (4th Cir. 1985) (alteration in original)). The court reasoned:

> At bottom, plaintiff seeks to rescind the resignation letter contained in his military record. In so doing, he relies on the Fourth Amendment and on Army Regulation 380-19. However, plaintiff's "failure to exhaust intraservice administrative remedies [makes] his federal claim[s] a nonjusticiable military controversy."

*Id.* (quoting *Williams*, 762 F.2d at 360) (alterations in original). The court added, however, that if the ABCMR did not have jurisdiction, it would take no action and Colonel Aikens could return to federal court. *Id.* at 592. On the other hand, if the ABCMR had jurisdiction, then the court would be limited to conducting judicial review of the administrative proceeding. *Id.*

Colonel Aikens subsequently pursued administrative remedies but was denied relief. The ABCMR wrote Colonel Aikens, "Upon review it has been determined that your application and the remedy you seek is not within the purview of the ABCMR; therefore, it is returned without prejudice and without action being taken by this Board."

On March 31, 2008, more than six months after the district court entered its judgment of dismissal, Aikens filed a motion for relief from the judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). He argued that the judgment should be reopened because he had complied with the court's requirement that he exhaust his intra-service administrative remedies and he now might face a statute of limitations defense if he

were to file a new action. The district court denied the motion on the ground that Colonel Aikens had failed to show the "extraordinary circumstances" warranting relief from the judgment under Rule 60(b)(6). The court noted that its judgment of dismissal without prejudice anticipated that Colonel Aikens would return to federal court through the filing of a new action. In response to Aikens' suggestion that he might now be faced with a statute of limitations defense, the court observed that any limitations problem was the result of Aikens' tactical decisions not to seek administrative review earlier and to file this action late in the limitations period.

From the district court's order denying Aikens' motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), Aikens filed this appeal.

## II

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1] While this catchall reason includes few tex-

---

[1]Federal Rule of Civil Procedure 60(b) provides in full:

*Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or

tual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, & 864 (1988). As Chief Justice Rehnquist noted in his separate opinion in *Liljeberg*:

> Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any "reason justifying relief from the operation of the judgment." However, we have repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.

486 U.S. at 873 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)); and Fed-

---

> vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

And Federal Rule of Civil Procedure 60(c)(1) provides:

> *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

eral Rule of Appellate Procedure 4(a) (requiring that appeals be filed within 30 days after judgment).

We have thus required—in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on "just terms" and within "a reasonable time"—that the party filing the motion have a meritorious claim or defense and that the party opposing the motion not be unfairly prejudiced by having the judgment set aside. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal. *See Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (holding that the "voluntary, deliberate, free [and] untrammeled choice" not to appeal the original judgment or order cannot establish a basis for Rule 60 relief (quoting *Ackermann v. United States*, 340 U.S. 193, 200 (1950) (alteration in original)); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal"). *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864, at 359-60 & n.25 (2d ed. 1995) (collecting cases).

We review the district court's ruling on a 60(b) motion for abuse of discretion, *see Browder v. Dir., Dep't of Corrections of Ill.*, 434 U.S. 257, 263 n.7 (1978); *Nat'l Credit Union*, 1 F.3d at 265, and "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review," *Browder*, 434 U.S. at 263 n.7.

With these principles in hand, we now turn to Colonel Aikens' contention that the district court abused its discretion in denying him relief from its prior judgment of dismissal under Rule 60(b)(6).

### III

Aikens asserts that he demonstrated extraordinary circumstances because (1) "he satisfied the District Court's (erroneous) exhaustion requirement" and (2) the defendants "likely will assert a limitations defense to any refiled claim." He maintains that his predicament was "caused by the District Court's erroneous exhaustion requirement" and that he is therefore entitled to relief from judgment. Alternatively, he argues that the "District Court should have treated [his] Rule 60[b](6) motion as a new filing [of an action] rather than denying it outright." On his observation that the defendants would likely have filed a statute of limitations defense had he filed a new action, Aikens speculates:

> Appellees most certainly again will attempt to preclude a hearing on the merits by raising a limitations defense. A three year limitations period applies to Col. Aikens's claims. Appellees will argue that the limitations period began to run on November 24, 2003, when he became aware of the claims. Col. Aikens timely filed his case in the District Court on April 27, 2006, tolling the limitations period with 212 days left, but Appellees will argue that the limitations period began to run again on September 13, 2007, when the District Court dismissed the claim for failure to exhaust and that the limitations period never was tolled again.

(Citations omitted).

Several difficulties about Aikens' argument become immediately apparent. First, if he was convinced that the district court erred in dismissing his action for failure to exhaust administrative remedies, Aikens could have appealed, but he did not.[2] Alternatively, he could have asked the district court

---

[2]Our colleague in dissent suggests that exhaustion followed by the Rule 60(b)(6) motion was a more sensible litigation strategy for Aikens because

to stay the action pending exhaustion of administrative remedies, but again he did not, failing to recognize that such a stay would be an appropriate exercise of the district court's discretion. We have readily ordered a stay of an ongoing federal action pending exhaustion of administrative or state proceedings, particularly to avoid statute of limitations problems. *See*, *e.g.*, *Traverso v. Penn*, 874 F.2d 209, 212-13 (4th Cir. 1989) (requiring a stay rather than dismissal of § 1983 action to allow for exhaustion of pending state proceedings); *Suggs v. Brannon*, 804 F.2d 274, 279-80 (4th Cir. 1986) (abstaining from § 1983 claim due to ongoing state prosecution, but ordering a stay rather than dismissal because of statute of limitations problem); *Stubbs v. Foley*, No. 92-7164, 998 F.2d 1010 (Table), 1993 WL 261975 at *2 (4th Cir. July 2, 1993) (vacating dismissal for failure to exhaust and remanding with order to stay pending exhaustion due to concern about a potential statute of limitations problem). Finally, after exhausting administrative remedies, Aikens could have filed a new action, rather than seeking relief from judgment or claiming that the district court should have treated his Rule 60(b)(6) motion as a new action. In short, Aikens' posited predicament was as much the result of his management of the action as the result of the district court's allegedly erroneous judgment of dismissal.

---

had he appealed the allegedly erroneous dismissal, "we might . . . have affirmed and Aikens would have ended up before the ABCMR anyway." *Post* at 27. The dissent goes so far as to suggest that this would be "the more likely outcome," despite the dissent's supposition that the initial dismissal was erroneous. *Id.* Setting aside the fact that the dissent's suggested litigation strategy conflicts with numerous precedents of the Supreme Court and our court, which note specifically that Rule 60 may not be a substitute for appeal, it is also flawed because it rests on the notion that Aikens should not have appealed an erroneous judgment to us because we might not have recognized that it was erroneous. Yet, this assumption, which gives us little credit as a reviewing court, certainly cannot be made by the dissent when it maintains throughout that the district court's error was an obvious mistake.

Moreover, at oral argument, Aikens' counsel could do no more than speculate on whether he would indeed be faced with a legitimate statute of limitations defense. It is not clear when Aikens' cause of action accrued, and Aikens' counsel agreed that he did not know what tolling provisions might apply or how they might apply.

The district court concluded that Aikens cannot "avoid the statute of limitations problem he now faces by deft use of Rule 60(b)(6). Stated simply, 'extraordinary circumstances' do not arise due to limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations." We agree. This issue, raised by procedural choices that Aikens made, was addressed directly by the Supreme Court in *Ackermann*, where the petitioner decided not to appeal for tactical reasons. As the Court stated:

> Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . . . There must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from.

*Ackermann*, 340 U.S. at 198.

To the extent that Aikens rests his argument on the district court's earlier purportedly erroneous dismissal of his case, his remedy was to appeal, not to file a Rule 60(b)(6) motion. It is well established that Rule 60(b)(6) does not serve as a substitute for appeal. *See Dowell*, 993 F.2d at 48 (citing *Ackermann*, 340 U.S. at 198); *Burnley*, 988 F.2d at 3. The office of appeal is designed to correct perceived errors, and any appeal

is governed by an independent set of rules and time considerations. *See, e.g.*, Fed. R. App. P. 4(a)(1) (providing, with exceptions, that a notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered").

In the circumstances of this case, we cannot conclude that the district court abused its discretion in denying Aikens' motion to reopen the judgment under Federal Rule of Civil Procedure 60(b)(6).

*AFFIRMED*

KING, Circuit Judge, dissenting:

With sincere respect for my friends of the panel majority, I write separately in dissent. The bottom line of this dispute is that Frederick Aikens was right — and the district court was wrong — about whether the exhaustion of intraservice remedies was necessary before Aikens could pursue his 42 U.S.C. § 1983 claim. Although he was ultimately vindicated on the exhaustion issue, Colonel Aikens found himself in a predicament: Absent Rule 60(b) relief from the judgment of dismissal, his § 1983 claim was vulnerable to a statute of limitations defense. And this predicament was the direct result of the court's mistake, not any misjudgment by Aikens or his lawyer. Nevertheless, the district court — and now my colleagues of the majority — deemed Aikens to be ineligible for Rule 60(b) relief. Because I would vacate and remand, I wholeheartedly dissent.

I.

Colonel Aikens asserts that, while he was deployed to the Middle East supporting Operation Iraqi Freedom, his personal email was illegally intercepted and used to compel his retirement from the North Carolina Army National Guard (the "NCARNG") after thirty-two years of service. Those responsible, according to Aikens, were NCARNG Adjutant General

William E. Ingram, Jr., and Lieutenant Colonel Peter von Jess. Consequently, on April 27, 2006, Aikens filed his § 1983 claim in the Eastern District of North Carolina — apparently with more than seven months left in the applicable three-year limitations period — alleging that Ingram and von Jess had contravened his Fourth Amendment rights. Over Aikens's vehement objection, the district court dismissed the § 1983 claim on the mistaken belief that Aikens was required, but had failed, to exhaust remedies with the Army Board for Correction of Military Records (the "ABCMR"). *See Aikens v. Ingram*, 513 F. Supp. 2d 586, 588 (E.D.N.C. 2007) (the "Dismissal Order").

Generally speaking, if a service-member plaintiff fails to exhaust "available intraservice remedies," his federal claim against the military is "a nonjusticiable military controversy." *Williams v. Wilson*, 762 F.2d 357, 360 (4th Cir. 1985). Significantly, however, we have recognized "an exception to the exhaustion requirement": "If the outcome would predictably be futile, the doctrine of exhaustion will not apply." *Guerra v. Scruggs*, 942 F.2d 270, 276 (4th Cir. 1991) (internal quotation marks omitted). Here, Colonel Aikens contended in the district court that there were no "available intraservice remedies" and the outcome of an ABCMR application "would predictably be futile" because the ABCMR lacked jurisdiction to accord him any relief. *See* 32 CFR § 581.3(e)(1)(iii) (providing that an "application may be returned without action if . . . [t]he ABCMR does not have jurisdiction to grant the requested relief"); *cf. Guerra*, 942 F.2d at 277 (observing that "the inability of the [ABCMR] to give the plaintiff all the relief he seeks does not automatically excuse the failure to exhaust" (citing *Williams*, 762 F.2d at 360 n.6)). Aikens principally maintained — with citation to numerous supporting authorities — that his separation from the NCARNG was a state matter for which no federal ABCMR remedies existed. The court disagreed, however, analogizing to our decisions where some ABCMR relief was thought to be available and

thus exhaustion was deemed to be required. *See Aikens*, 513 F. Supp. 2d at 591-92.

Once the district court issued its Dismissal Order, Colonel Aikens was faced with two obvious choices. First, he could proceed directly to the ABCMR — plainly a far more suitable and definitive arbiter of its own jurisdiction than any federal court. *See Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996) (recognizing that, to the extent federal courts may review ABCMR decisions, "such decisions can be set aside only 'if they are arbitrary, capricious, or not based on substantial evidence'" (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983))). Alternatively, Aikens could appeal to this Court and, if we affirmed the district court, end up before the ABCMR anyway. Aikens selected the obvious and more efficient option: filing the ABCMR application. Four months later, just as Aikens had predicted, the ABCMR determined that it was powerless to act on Aikens's application because the relief sought therein was "not within [its] purview." J.A. 43.[1]

This development brought Colonel Aikens to another crossroads. On the one hand, because his § 1983 claim had been dismissed without prejudice, he could reassert it in a newly filed action. Such a course was problematic, however, because Ingram and von Jess were asserting that the limitations period on the § 1983 claim had already expired (though Aikens believed some tolling provisions might render the claim timely). On the other hand, Aikens could seek relief from the Dismissal Order under Rule 60(b). The Rule 60(b) path was attractive because it would place Aikens in the same position he had occupied prior to the district court's erroneous exhaustion ruling — as the proponent of an indisputably timely § 1983 claim. Moreover, in its Dismissal Order, the court had explicitly assured Aikens that, if his position was

---

[1]Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

shown to be correct, and "the ABCMR does not have jurisdiction," he could "return to federal court." *Aikens*, 513 F. Supp. 2d at 592. In these circumstances, Aikens understandably chose to file his Rule 60(b) motion. In so doing, he explained to the court that Rule 60(b) relief was necessary to avoid any statute of limitations problem, and he reminded the court of its explicit assurance that, if he was proved right about the ABCMR's jurisdiction, he could "return to" the court. The crux of Aikens's position was clear-cut: He was entitled to Rule 60(b) relief because the court had erred in ordering exhaustion of intraservice remedies and had thereby caused his limitations period predicament.

In assessing the Rule 60(b) motion, the district court recognized that the statute of limitations on the § 1983 claim had "seemingly" expired. *See Aikens v. Ingram*, No. 5:06-cv-00185, slip op. at 7-8 (E.D.N.C. Nov. 5, 2008) (the "Rule 60(b) Order").[2] The court observed that, according to Colonel Aikens's complaint, he "discovered the facts underlying his cause of action on or about November 24, 2003." *Id.* at 7. The court further observed that "the statute of limitations seemingly began to run on that date, and it seemingly expired three years later, on November 24, 2006." *Id.* at 8. Obviously, if the limitations period ended on November 24, 2006 — as the court assumed — it expired prior to not only the ABCMR determination of February 6, 2008, but also before the erroneous Dismissal Order of September 13, 2007.[3]

---

[2]The district court's unpublished Rule 60(b) Order is found at J.A. 44-52.

[3]Significantly, the district court declined to "resolve [the statute of limitations] issue definitively," explaining that "[if] plaintiff files a new action, and defendants assert the statute-of-limitations defense, the court will then address the issue." Rule 60(b) Order 8 n.1. In these circumstances, for purposes of assessing the merits of Aikens's Rule 60(b) motion, we must assume — as did the district court — that the limitations period had already expired when the Dismissal Order was entered on September 13, 2007.

Notwithstanding its supposition that Colonel Aikens was time-barred from re-asserting his § 1983 claim in a new action before the Dismissal Order was entered, the district court refused to vacate the judgment under Rule 60(b). The court justified its denial of relief by attributing the statute of limitations predicament to "two tactical decisions with adverse affects [sic]" made by Aikens himself — his decision not to exhaust intraservice remedies before filing suit and his decision to "wait[ ] to file suit over two years into the statute of limitations, [leaving] little time if a court were to determine that exhaustion was required." Rule 60(b) Order 8. Even though Aikens had accurately concluded that such an exhaustion effort was unnecessary because the ABCMR lacked jurisdiction to accord relief, in the court's view Aikens should have foreseen that it would incorrectly rule to the contrary. And, having anticipated the court's error, Aikens should have acted to ensure that his § 1983 claim would not thereby be rendered untimely.

To its credit, the panel majority has not ratified the district court's surprising position. But the majority nevertheless blames Colonel Aikens and his lawyer for other faulty strategic choices, including their decisions to first proceed directly to the ABCMR rather than appealing to this Court, and to file the Rule 60(b) motion in lieu of initiating a new civil action. Significantly, however, these choices were not the source of Aikens's statute of limitations quandary, nor would different tactical decisions necessarily have solved the timeliness problem. In these circumstances, I cannot join the panel majority in affirming the denial of Rule 60(b) relief.

II.

Simply put, the district court abused its discretion in rejecting Colonel Aikens's request for Rule 60(b) relief. Indeed, none of the reasons relied on by the district court and the panel majority for their denial of such relief can withstand scrutiny. And, to make matters worse, their analyses — which

hang on condemning Colonel Aikens for losing an unwinnable game of "gotcha" — discredit our system of justice.

### A.

In pursuing relief, Colonel Aikens has specifically invoked clause (6) of Rule 60(b), which authorizes a court to relieve a party from a final judgment for "any other reason [not spelled out in clauses (1)-(5)] that justifies relief." Of course, to be entitled to Rule 60(b)(6) relief, the movant must demonstrate "extraordinary circumstances." *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000) (explaining that "the difference between Rule 60(b)(6) and Rules 60(b)(1)-(5) is that 'extraordinary circumstances' are required to bring the Rule 60(b)(6) motion within the 'other reason' language of that Rule" (internal quotation marks and alterations omitted)). Significantly, however, our Court has had no difficulty recognizing the existence of extraordinary circumstances where — as here — the district court erroneously issued the underlying judgment. *See White v. Investors Mgmt. Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 106-07 (4th Cir. 1979).[4]

---

[4]Notably, we have also observed that a "mistake" within the meaning of clause (1) of Rule 60(b) — authorizing relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect" — may include a mistake made by the court itself. *See United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("In certain limited circumstances, the word 'mistake' in Rule 60(b) has . . . been read to include mistakes by the court."). At first blush, this notion might seem to hurt Aikens, because the Supreme Court has indicated that clause (1) and clause (6) "are mutually exclusive." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988)). In deeming a movant to be entitled to Rule 60(b) relief because of a court's mistake, however, we have relied on clause (6). *See Compton*, 608 F.2d at 104 & n.15 (declining to resolve whether court's mistake constituted clause (1) "mistake," because relief was available under clause (6)); *see also White*, 888 F.2d at 1041 (determining, without mentioning clause (1), that clause (6) relief was available to remedy court's mistake); *cf. Williams*, 674 F.2d at 312-13 (concluding

In *White*, a dispute over the amount due the plaintiff on a stock redemption, the district court had awarded summary judgment to the defendant "without notice and without a hearing, even though there was an outstanding order [issued by the magistrate judge] compelling the defendant . . . to produce a critical document in the determination of the case." *See* 888 F.2d at 1037, 1040. We reversed the court's denial of Rule 60(b) relief, explaining:

> When the court overlooks the dispositive issue in a case and proceeds to decide a case summarily before discovery is concluded and before an order of discovery has been complied with, there has been a mistake and inadvertence and one that works an injustice. Rule 60(b) — especially as amended in 1948 by the addition of (b)(6) — clearly covers the plaintiff's motion to vacate the summary judgment entered here.

*Id.* at 1041. In *Compton*, an action for unpaid wages in which a default judgment was entered against the defendant, the dis-

---

that court's purported error was not type of "mistake" that would justify clause (1) relief). Moreover, the rationale for deeming clause (1) and clause (6) to be mutually exclusive — prohibiting parties from attempting to utilize clause (6) to avoid clause (1)'s one-year limitations period — is not implicated here because Aikens filed his Rule 60(b) request within seven months of the Dismissal Order. *See Pioneer Inv. Servs.*, 507 U.S. at 393 (recognizing that, because clauses (1) and (6) are mutually exclusive, "a party who failed to take timely action [under clause (1)] may not seek relief more than a year after the judgment by resorting to [clause (6)]"); *see also* Fed. R. Civ. P. 60(c)(1) (allowing one year for clause (1) motion but "reasonable time" for clause (6) motion). Additionally, we have recognized that, because Rule 60(b)'s "grounds for relief often overlap," courts are "free . . . to do justice in cases in which the circumstances generally measure up to one or more itemized grounds." *Werner v. Cabo*, 731 F.2d 204, 207 (4th Cir. 1984) (citing *Compton*, 608 F.2d at 102). As such, although it may also have been proper for Aikens to rely on clause (1), it was not at all inappropriate for him to invoke clause (6).

trict court had erroneously awarded the plaintiff statutory penalty wages, resulting in an award "almost two hundred times" the amount plaintiff was actually owed. *See* 608 F.2d at 99, 101. We concluded that — because of "the unusual and extraordinary circumstances of this case and in view of the unconscionably unjust judgment entered" — this was "just such an extraordinary case where [Rule 60(b)(6)'s] 'catch-all' ground was intended to afford relief." *Id.* at 106, 107 (emphasis omitted).

In seeking appellate relief, Colonel Aikens also relies on similarly decided Rule 60(b)(6) decisions from other jurisdictions, specifically involving erroneous dismissals for failure to exhaust. *See Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009); *Whitmore v. Avery*, 179 F.R.D. 252 (D. Neb. 1998). In *Thompson*, the district court had dismissed several of the petitioner's federal habeas claims because, in prior state proceedings, he had failed to seek discretionary review of those claims in the Supreme Court of Tennessee. *See* 580 F.3d at 433. Following the Tennessee supreme court's promulgation of a rule clarifying that state habeas petitioners need not appeal to that court to exhaust their claims, the *Thompson* petitioner unsuccessfully moved in the district court for Rule 60(b)(6) relief from its dismissal order. *See id.* The Sixth Circuit reversed the denial of the clause (6) motion, however, concluding that the promulgation of the new Tennessee supreme court rule was an "extraordinary circumstance" warranting such relief. *See id.* at 442-43. Notably, the Sixth Circuit distinguished *Thompson* from *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005), wherein the Supreme Court deemed clause (6) relief inappropriate based on a recent change in federal decisional law regarding the interpretation of a federal habeas procedural statute. The *Thompson* court explained that, unlike the change in federal law in *Gonzalez*, the change in Tennessee state law was an extraordinary circumstance because "refusing to recognize it would disserve . . . comity interests . . . by ignoring the state court's view of its own

law." *Thompson*, 580 F.3d at 443 (internal quotation marks and emphasis omitted).

Finally, in *Whitmore*, after dismissing the petitioner's federal habeas claim for failure to exhaust state remedies, the district court itself recognized that it had made a mistake worthy of Rule 60(b)(6) relief. *See* 179 F.R.D. at 258-59. The court observed, inter alia, in terms that are strikingly applicable here, that "the petitioner [could not] have followed my instructions and exhausted his remedies, because the claim was not one that could be exhausted or that federal law requires to be exhausted." *Id.* at 259. Accordingly, the court concluded that "this is the type of case that warrants the exceptional relief contemplated by Rule 60(b)(6)." *Id.*

Likewise, the extraordinary circumstances demonstrably present here demand that Colonel Aikens be afforded Rule 60(b)(6) relief from the district court's erroneous Dismissal Order. As Aikens has aptly emphasized,

> Appellees unlawfully — and possibly criminally — invaded Col. Aikens' privacy by monitoring and intercepting his e-mails, while he was serving his country in a combat zone, in violation of the Fourth Amendment and 28 U.S.C. § 1983. Col. Aikens has yet to be heard on the merits of his claims and, without relief, may never be. Col. Aikens' first timely attempt to have his case heard was dismissed for failure to exhaust intraservice remedies, despite the fact that no intraservice remedies were available. His second attempt, this time before the ABCMR, as directed by the district court, was rejected because, as Col. Aikens predicted, the ABCMR lacks authority to provide the relief Col. Aikens seeks. Col. Aikens' third attempt, to revive his first lawsuit through Rule 60(b)(6) after exhausting intraservice remedies with the ABCMR as required by the district court, was denied. Col. Aikens now faces a stat-

ute of limitations defense to any future attempt to
file a new lawsuit. These circumstances are excep-
tional.

Reply Br. of Appellant 1-2 (footnote omitted). Indeed, in
these circumstances, the court has committed "a mistake . . .
that works an injustice," *see White*, 888 F.2d at 1041, and
"fundamental fairness and considerations of justice . . . com-
mand that the judgment . . . be vacated," *see Compton*, 608
F.2d at 107. Notably, in addition to accomplishing justice for
Aikens, Rule 60(b)(6) relief would serve comity interests by
recognizing that the ABCMR is entitled to define its own
jurisdiction. *Cf. Thompson*, 580 F.3d at 443 (concluding that
Rule 60(b)(6) relief furthered comity interests by recognizing
and accepting "the state court's view of its own [habeas cor-
pus] law" (internal quotation marks omitted)).

To be sure, not all mistakes made by a court are sufficient
to warrant Rule 60(b) relief. We have admonished that
"[w]here the motion is nothing more than a request that the
district court change its mind, . . . it is not authorized by Rule
60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir.
1982). Furthermore, we have said that "we may not review
the merits of the underlying order" in reviewing the denial of
Rule 60(b) relief. *MLC Auto., LLC v. Town of S. Pines*, 532
F.3d 269, 277 (4th Cir. 2008) (internal quotation marks omit-
ted). Here, however, Colonel Aikens was not asking the dis-
trict court to "change its mind" about its exhaustion ruling, or
seeking our independent review of the merits of the Dismissal
Order. Rather, he is asking for the simple recognition, based
on the ABCMR's assessment of its jurisdiction, of the fact
that the district court itself erred in concluding that he was
required to exhaust intraservice remedies. These extraordinary
circumstances warrant Rule 60(b)(6) relief.[5]

---

[5]Although I have focused herein on the existence of extraordinary cir-
cumstances justifying clause (6) relief, I acknowledge that there are
threshold requirements that any Rule 60(b)(6) movant must satisfy: the

## B.

Neither the district court nor the panel majority disputes that the court's mistake in issuing the erroneous Dismissal Order could entitle Colonel Aikens to Rule 60(b)(6) relief. Rather, they largely ignore the court's culpability for the statute of limitations predicament and then point the finger at Aikens and his lawyer for poor strategic decisions. I address — and reject — their theories in turn.

### 1.

As explained above, the district court blamed Colonel Aikens for failing to foresee the erroneous Dismissal Order and then taking action, spurred by such foresight, to ensure the timeliness of his § 1983 claim. In the court's view, Aikens "needed only to have exhausted remedies with [the] ABCMR before filing suit within the three-year statute of limitations. He did not and cannot now find comfort within Rule 60(b)(6)." Rule 60(b) Order 9. This premise for denying clause (6) relief is fundamentally flawed as a matter of fact and law.

First of all, the district court failed to acknowledge its primary role in creating the statute of limitations predicament. At the time of the Dismissal Order, Colonel Aikens zealously objected to the proposition that ABCMR remedies were available and thus had to be exhausted. And the court itself recognized the possibility that its exhaustion ruling might be

Rule 60(b) motion must be timely; the movant must possess a meritorious claim or defense; and there must be no unfair prejudice to the nonmoving party by having the judgment set aside. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 n.3 (4th Cir. 1997) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). Notwithstanding Ingram and von Jess's contentions to the contrary — which the district court did not address — it is apparent that Aikens has satisfied each of these threshold requirements for Rule 60(b) relief.

wrong, assuring Aikens that if his position was correct, and "the ABCMR does not have jurisdiction," he could "return to federal court." *Aikens*, 513 F. Supp. 2d at 592. Once his position had been validated by the ABCMR, Aikens sought to accept the court's invitation to "return to federal court," filing his Rule 60(b) motion (rather than a new action) because of the potential statute of limitations problem. In disposing of the Rule 60(b) motion, however, the court made a 180-degree turn. It disclaimed ever "implying that plaintiff could return to court in this action." Rule 60(b) Order 7. "Rather," according to the court, it "was making the unremarkable observation that if the ABCMR determined that it lacked jurisdiction, nothing in the court's dismissal would prevent plaintiff from filing a new action against Ingram and von Jess." *Id.* In the very next paragraph of the Rule 60(b) Order, however, the court contradicted its assertion that the Dismissal Order did not foreclose a new action, recognizing that the statute of limitations on Aikens's § 1983 claim had likely expired well before the Dismissal Order was even entered. *See id.* at 7-8. Surprisingly, the court blamed Aikens, rather than itself, for creating the statute of limitations issue. As the court would have it, the timeliness problem resulted from Aikens's failure to anticipate the erroneous Dismissal Order, and not from the court's own mistake.

There is simply no basis, however, for the district court's theory that Colonel Aikens should have foreseen the erroneous Dismissal Order and proceeded accordingly. Although the court found that Aikens and his lawyer "must have known that [Aikens] would face the ABCMR exhaustion issue in his case," Rule 60(b) Order 7, that finding stops well short of the proposition that Aikens should have expected the court to erroneously dispose of that issue.[6] And indeed, once Aikens

---

[6]The district court premised its finding that Aikens had notice of the exhaustion issue on the fact that his lawyer represented another plaintiff, David Culbreth (a former Active Guard Reserve Officer for the NCARNG), in a separate § 1983 action against Ingram and von Jess aris-

assessed the exhaustion issue, he concluded — correctly — that the ABCMR was powerless to award him relief.

The district court also points out that, in dismissing Colonel Aikens's § 1983 claim for failure to exhaust intraservice remedies, it "acted in accordance with a veritable wall of Fourth Circuit precedent requiring such exhaustion." Rule 60(b) Order 7. In this regard, the court suggests that its Dismissal Order was foreseeable — and perhaps goes so far as to suggest that it did not actually err in its exhaustion ruling (a proposition pursued on appeal by Ingram and von Jess). *See* Br. of Appellees 22 (contending that there can be no Rule 60(b) relief premised on a "mistake" made by the court, because the "court's conclusion that Aikens was required to exhaust his intraservice administrative remedies . . . was correct under Fourth Circuit precedent").

Notwithstanding our Court's precedent, however, Colonel Aikens correctly concluded that he could not obtain relief

ing from their interception of Aikens's email — an action in which the defendants first asserted that there was an exhaustion requirement. *See Culbreth v. Ingram*, 389 F. Supp. 2d 668, 675 (E.D.N.C. 2005) (Howard, J.) (dismissing Culbreth's action without reaching exhaustion issue). The court observed that, although the *Culbreth* judge did not resolve the exhaustion issue in his dismissal order of September 29, 2005, he suggested that the ABCMR lacked jurisdiction to afford relief because Culbreth "was [not] federalized during the relevant time frame." Rule 60(b) Order 7. The court further observed that, unlike Culbreth, Aikens was "federalized" at the pertinent time (i.e., when his email was intercepted, but not when his separation from the NCARNG occurred). *Id.* It was thus "obvious[ ]" to the court that Aikens, via his lawyer, "was well acquainted with *Culbreth* and the issues involved when plaintiff filed his complaint on April 27, 2006." *Id.* I agree that these circumstances indicate that Aikens and his lawyer had reason to anticipate the exhaustion issue and to question whether the ABCMR might have jurisdiction to give Aikens (but not Culbreth) relief. Significantly, however, these circumstances do not demonstrate that, "know[ing] that he would face the ABCMR exhaustion issue in his case," *id.*, Aikens should have concluded that ABCMR remedies were available to him or otherwise foreseen the court's erroneous exhaustion ruling.

from the ABCMR — a legal conclusion confirmed by the ABCMR itself. Indeed, a federal court's view of the ABCMR's jurisdiction is of no import when the ABCMR itself has spoken on the issue. The federal courts may only forecast how the ABCMR might delineate its own jurisdiction, not define the ABCMR's jurisdiction for it. *See Guerra v. Scruggs*, 942 F.2d 270, 276 (4th Cir. 1991) (recognizing that, in determining whether exhaustion is necessary, we must assess "[i]f the outcome would predictably be futile" (internal quotation marks omitted)); *see also Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996) (observing that, insofar as ABCMR decisions are subject to federal court review at all, "such decisions can be set aside only if they are arbitrary, capricious, or not based on substantial evidence" (internal quotation marks omitted)). As the district court itself recognized in its Dismissal Order, courts must "grant[ ] deference to the military to handle its own affairs." *Aikens*, 513 F. Supp. 2d at 591-92. As such, it is inappropriate to fault Colonel Aikens for accurately predicting that the ABCMR would renounce jurisdiction over his application, rather than foreseeing and protecting himself from the district court's erroneous ruling to the contrary.

Finally, the district court unjustifiably equated this matter to decisions in which "[t]he Supreme Court and the Fourth Circuit have denied Rule 60(b)(6) relief when the moving party made a tactical choice that later proved unwise." Rule 60(b) Order 6 (citing *Ackermann v. United States*, 340 U.S. 193, 200 (1950) (movant made "voluntary, deliberate, free, untrammeled choice" not to file timely appeal based on belief he would have to sell home to pay costs); *Schwartz v. United States*, 976 F.2d 213, 218 (4th Cir. 1992) (movant made "calculated, free, and deliberate" decision to settle dispute)). More specifically, the court relied on inapposite decisions for the proposition that Colonel Aikens could not make "deft use of Rule 60(b)(6)" to evade "time limitations that otherwise apply." *Id.* at 8 (citing, inter alia, *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 47-48 (4th Cir. 1993)

(movant failed to timely request certification of state law question or appeal adverse judgment); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (movant sought clause (6) relief from default judgment for "excusable neglect" to circumvent clause (1) time limitations)). Neither these nor any other applicable authorities support the notion that Colonel Aikens's failure to foresee and safeguard against the erroneous Dismissal Order constitutes an "unwise tactical choice" foreclosing Rule 60(b)(6) relief, or that Aikens cannot make "deft use of Rule 60(b)(6)" to remedy the timeliness problem directly resulting from the court's mistake.

2.

Apparently recognizing the district court's analysis as unsound, the panel majority takes a different — but equally flawed — tack. It faults Colonel Aikens for resorting to a Rule 60(b) motion to revive his § 1983 claim, without pursuing other strategies. According to the majority, when the erroneous Dismissal Order was entered, Aikens and his lawyer could have appealed to this Court or moved the district court for a stay pending exhaustion of intraservice remedies. Additionally, the majority asserts, Aikens could have initiated a new action in the district court after the ABCMR confirmed that it lacked jurisdiction to accord relief. In the majority's view, Aikens's predicament was thus "as much the result of his management of the action as the result of the district court's allegedly erroneous judgment of dismissal." *Ante* at 10.

As explained above, however, Colonel Aikens's statute of limitations quandary was the direct result of the district court's mistake, not any tactical decision made by Aikens and his lawyer. Furthermore, the majority merely speculates that its proposed strategies would have solved Aikens's timeliness problem. Perhaps, for example, if Aikens had appealed the Dismissal Order, we would have reversed the district court's ruling that intraservice remedies were available and required

to be exhausted. But we might instead have affirmed and Aikens would have ended up before the ABCMR anyway — the more likely outcome if the district court indeed "acted in accordance with a veritable wall of Fourth Circuit precedent." *See* Rule 60(b) Order 7. Regardless of the ultimate disposition, our decision could only have constituted a prediction — and not the definitive word — on whether the ABCMR possessed jurisdiction. As such, it was entirely reasonable for Aikens to proceed directly to the ABCMR and then return to the district court on his Rule 60(b) motion. In such circumstances, the Rule 60(b) motion could never be, as the majority characterizes it, a forbidden "substitute for appeal." *See ante* at 11.[7]

As for the possibility that Colonel Aikens could have moved in the district court for a stay pending exhaustion of intraservice remedies, it is again speculative that a stay motion was a genuine alternative to the Rule 60(b) motion. The majority simply recognizes that "a stay would be an appropriate exercise of the district court's discretion," relying on decisions in which we directed proceedings to be stayed. *See ante* at 9-10. Importantly, however, the majority does not — and cannot — assert that the district court would have been obliged to enter a stay if Aikens had requested one.

---

[7]Notably, the panel majority asserts that this dissent "goes so far as to suggest that" — if Colonel Aikens had appealed the erroneous Dismissal Order — affirmance "would be 'the more likely outcome.'" *Ante* at 10 n.2. In so asserting, the majority quotes language from this dissent out of context. My full statement is that affirmance would be "the more likely outcome if the district court indeed 'acted in accordance with a veritable wall of Fourth Circuit precedent,'" as purported in the Rule 60(b) Order. Contrary to the majority, I do not presume to know how this Court would have ruled if Aikens had appealed the Dismissal Order — and thus this dissent neither "rests on the notion that Aikens should not have appealed" nor "gives us little credit as a reviewing court." *See ante* at 10 n.2. Rather, as repeatedly explained herein, I simply recognize that this Court was positioned only to predict (not decide) whether the ABCMR possessed jurisdiction and, thus, it was entirely reasonable for Aikens to proceed directly to the ABCMR.

The notion that Colonel Aikens could have initiated a new action is similarly speculative — and, more importantly, disregards the district court's assumption that Aikens was time-barred from re-asserting his § 1983 claim in a new action long before the erroneous Dismissal Order even issued. Remarkably, the majority goes so far as to criticize Aikens and his counsel for being unsure "whether he would indeed be faced with a legitimate statute of limitations defense," *see ante* at 11, even though the district court expressed uncertainty about the limitations period issue and refused to resolve it unless and until Aikens filed a new action, *see supra* note 3 (citing Rule 60(b) Order 8 n.1). Clearly, any attempt to re-assert his § 1983 claim in a new action would have required Aikens to gamble that the district court would accept his tolling arguments and reject Ingram and von Jess's statute of limitations defense. Because of the riskiness of that strategy, it was entirely justifiable for Aikens to file his Rule 60(b) motion instead. Indeed, Aikens's Rule 60(b) move is especially rational and understandable in light of the Dismissal Order — in which the district court explicitly assured Aikens that if his position was vindicated, and "the ABCMR does not have jurisdiction," he could "return to federal court." *Aikens*, 513 F. Supp. 2d at 592. Although the district court may now wish to retreat from that representation, Aikens was plainly entitled to rely on the court's word.

In summary, it is not at all evident that the majority's proposed strategies would have been either feasible or effective. Moreover, the tactics that Colonel Aikens actually did pursue were just as legitimate — if not more so — than the strategies invoked by the majority. If the majority's approach is all it takes to foreclose a finding of extraordinary circumstances for Rule 60(b)(6) relief — if a court can punish a movant for pursuing reasonable and legitimate strategies simply because, with the benefit of hindsight, the court can conjure up possible alternatives — it is hard to imagine that Rule 60(b)(6) relief can ever be obtained.

### III.

Pursuant to the foregoing, I would vacate the district court's Rule 60(b) Order and remand for such further proceedings as may be appropriate.

I respectfully dissent.